```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| STEVEN MORELLO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 15-11562-DLC |
| | ) | |
| KELLY RYAN, | ) | |
|     Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

For the reasons set forth below, plaintiff is advised that if he wishes to proceed with a civil action against the defendant, he must file a complaint accompanied by an Application to Proceed Without Prepayment of Fees and a certified copy of his prison account statement.

## BACKGROUND

On April 6, 2015, Steven Morello ("Morello"), a prisoner confined to MCI-Shirley, filed a motion seeking to have this Court order the Superintendent of MCI-Shirley to provide copies of documents Morello deems necessary for filing a petition for writ of habeas corpus.  See Docket No. 1.  The motion is titled "Motion Requesting That This Honorable Court Order the Department of Correction (MCI Shirley Medium) To Make Copies of Legal Documents From Prior Proceedings And Transcripts From Prior Proceedings For A Record Appendix To Be Filed With Petitioner's Petition For Writ of Habeas Corpus To Be Filed By April 28, 2015" and is accompanied by a supporting affidavit and copies of his prison photocopy request.  Id.

Morello explains that on March 31, 2015, he submitted official requests for photocopies of documents that he intends to file in a habeas case.  Apparently, the requests were denied because the documents were not the original legal documents.  He contends that he is being denied access to the courts and seeks this Court's assistance.

## DISCUSSION

Although pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972)(holding that pro se litigants are entitled to liberal construction of their pleadings), the Court is unable to entertain Morello's motion because he has not filed either a civil rights complaint or a habeas petition.[1]

As a threshold matter, Morello started this case by filing a motion.  He has not filed a "complaint" in accordance with Rule 3 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court").  Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief.  Lester v. City of Albuquerque, No. 13-0127-JB/KBM, 2013 WL 685378 (D.N.M. 2013) (citing Alabama v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1134 (11th Cir.2005)("injunctive relief must relate in some fashion to the

---

[1] The Court's records in indicate that on May 6, 2015, Morello filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Morello v. Ryan, C.A. No. 15-11791-PBS (pending).

relief requested in the complaint"), cert denied, 547 U.S. 1192, 126 S.Ct. 2862, 165 L.Ed.2d 895 (2006); Adair v. England, 193 F.Supp.2d 196, 200 (D . D.C.2002)("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's motion for [preliminary] injunctive relief.").  Here, Morello has not submitted a complaint.  Because of this, the Court lacks the jurisdiction to grant the requested motion.

Moreover, to the extent Morello complains that he is being denied access to the courts, he must show "that an actionable claim has been lost or rejected or that presentation of the claim is currently being prevented." Guglielmo v. N.H. State Prison, 111 F.3d 122, 1997 WL 205290, *1 (1st Cir. Apr. 25, 1997) (unpublished table decision) (citing Lewis v. Casey, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).  Based upon the record before this Court, it appears that Morello is not being prevented from filing his habeas petition.  He mistakenly believes that his habeas petition must be accompanied by copies of the state court record.[2]

Because pro se parties are generally afforded an opportunity to cure pleading deficiencies, if Morello wishes to file a complaint, he will be granted additional time to do so.  He is advised that because he is incarcerated, he will be obligated,

---

[2] It appears that Morello believes he is required to file the record appendix which the government would be required to file with the court pursuant to the Rules Governing Section 2254 Cases (2006).

when funds exist, to make payments towards the $350 filing fee for filing a civil complaint.

## ORDER

Based on the foregoing, it is hereby Ordered that:

1. Steven Morello is advised that the Court is without jurisdiction to grant the requested motion, and

2. To the extent Morello wishes to pursue a civil rights claim, he may file, within 42 days of the date of this Order, a complaint accompanied by an Application to Proceed Without Prepayment of Fees and a certified copy of his prison account statement.[3]

SO ORDERED.

                              /s/ Donald L. Cabell
                              DONALD L. CABELL
                              UNITED STATES MAGISTRATE JUDGE

DATED: September 16, 2015

---

[3] This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. If Morello declines to pursue this matter, the undersigned will direct the reassignment of the case to a District Judge for dismissal without assessment of the filing fee. If Morello files a complaint, the undersigned will either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review of the complaint.